UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CRISTIAN TUREAN,
individually and on behalf of
others similarly situated,

    Plaintiff,

v.

MASTEC, INC.,
a Florida corporation,
MASTEC NORTH AMERICA INC.,
a Florida corporation, and
MASTEC SERVICES COMPANY, INC.,
a Florida corporation,

    Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CRISTIAN TUREAN, by and through the undersigned counsel, on behalf of himself and others similarly situated, and hereby alleges the following cause(s) of action against Defendants, MASTEC, INC., a Florida corporation, MASTEC NORTH AMERICA INC., a Florida corporation, and MASTEC SERVICES COMPANY, INC., a Florida corporation (collectively, "Defendants" or "Mastec"), as follows:

    1.    Plaintiff, CRISTIAN TUREAN, was an employee of Defendants as more fully alleged herein. Plaintiff brings this action on behalf of himself and on behalf of other, current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA" or the "Act").

1

2. At all times material hereto, Plaintiff was employed by Defendants as an "installer" or "technician," performing the non-exempt duties of a cable and satellite service technician or installer primarily within the personal jurisdiction and venue of this Court.

3. Plaintiff began worked for Defendants from about January 2008 to June 2008.

4. The corporate Defendant, MASTEC, INC., is Florida corporation.

5. The corporate Defendant, MASTEC NORTH AMERICA, INC., is Florida corporation.

6. The corporate Defendant, MASTEC SERVICES COMPANY, INC., is Florida corporation.

7. Each of the Defendants provides satellite, cable and broadband installation, auditing, disconnection and related services for compensation at various premises throughout Florida and many other states and that suffers persons such as Plaintiff and others similarly situated to work on its behalf in providing such services.

8. Defendants do business extensively within the jurisdiction of this Court, including but not limited to having employed Plaintiff in Broward County, Florida. Defendants are within the personal jurisdiction and venue of this Court.

9. At all times material hereto, Plaintiff and all the similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

10. Defendants, MASTEC, INC., MASTEC NORTH AMERICA INC., and MASTEC SERVICES COMPANY, INC., in conjunction with each of their respective divisions, however such divisions are constituted, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated in the asserted class at all material times, including without limitation directly or indirectly controlling the terms of employment and compensation

of Plaintiff and others similarly situated. Alternatively, Defendants, in conjunction with each of their respective divisions, however such divisions are constituted, are joint employers of Plaintiff and others similarly situated in the asserted class because each acts directly or indirectly in the interest of an employer in relation to such Plaintiff and such similarly situated persons. As a further alternative, Defendants, and each of their divisions, however constituted, are joint employers of the Plaintiff and the similarly situated persons in the asserted class because they are under common control as to the terms of compensation and employment of Plaintiff and others similarly situated in the asserted class, and are not completely disassociated with respect to the terms of compensation and employment of Plaintiff and others similarly situated.

11. This cause of action is brought as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216 (b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

12. The asserted class for this collective action includes all current and former employees similarly situated to Plaintiff, which includes all technicians and installers, performing non-exempt duties of a cable and satellite service technician or installer, however precisely titled, at any premises nationwide in furtherance of the business of one or all Defendants, and who worked in excess of forty (40) hours during one or more work weeks within the material time (the "asserted class").

13. The material time for the claims under the FLSA in this case is the three-year period prior to the date of each Plaintiff's, or each similarly situated person's, opting-in to this action, as tolled or extended by agreement, by equity or by law.

14. In the course of employment with one or all Defendants, the Plaintiff and the other persons in the asserted class regularly worked overtime hours (that is, hours in excess of forty (40) hours per workweek, referred to herein as "overtime hours") and were not paid overtime compensation at an overtime rate of time and one-half of their regular rate of pay (the "overtime rate") for all of the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit and pay for overtime actually worked, among other violations of the FLSA. To the extent Defendants classified Plaintiff or any member of the asserted class as an independent contractor or as exempt from the protections of the FLSA, such classification was incorrect, and such persons should properly have been considered non-exempt employees of Defendants within the meaning of the FLSA.

15. The records, if any, concerning the number of hours actually worked by Plaintiff and all other persons in the asserted class, and the compensation actually paid to such persons should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and all other persons in the asserted class.

16. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, each Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). The annual gross sales volume of each Defendant was in excess of $500,000.00 per annum. Alternatively, Plaintiff and those persons similarly situated each worked in interstate commerce so as to fall within the protections of the FLSA.

17.     At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff and those employees similarly situated performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and the other employees in the asserted class the compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a workweek.

18.     Plaintiff has retained the Shavitz Law Group, P.A. to represent him individually and on behalf of the asserted class, and has incurred, and will continue to incur, attorney's fees and costs in bringing this action, which are a lawful part of the recover in this cause, pursuant to 29 U.S.C. § 216(b).

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

19.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 18 above.

20.     Plaintiff is entitled to be paid one and one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty (40) hours in any workweek. All similarly situated employees (comprising the members of the asserted class) are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

21.     Defendants failed to pay Plaintiff and the members of the asserted class properly under the FLSA for overtime, which failure was intentional, willful and unlawful.

22.     As a result of Defendants' willful violation of the Act, Plaintiff and those similarly situated to Plaintiff in the asserted class are entitled to damages, liquidated damages, costs and reasonable attorney's fees.

23.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CRISTIAN TUREAN, and those persons similarly situated to Plaintiff in the asserted class, who have or will opt into this collective action, demand judgment against Defendants, MASTEC, INC., MASTEC NORTH AMERICA INC., and MASTEC SERVICES COMPANY, INC., jointly and severally, for the payment of compensation for all overtime hours at one and one-half times their regular rate of pay for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs of suit, prejudgment interest, and for all other appropriate relief.

Dated: March 31st, 2010
Boca Raton, Florida

Respectfully submitted,

_____
Gregg I. Shavitz (Fla. Bar No. 11398)
E-mail: gshavitz@shavitzlaw.com
Hal B. Anderson (Fla. Bar No. 93051)
E-mail: hal.anderson@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile:  561-447-8831